UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH FIERRO,                                                              Docket No.: 20-CV-09966
                                                                                              (GHW)(KHP)

                      Plaintiff,

     -against-


THE CITY OF NEW YORK, DEPARTMENT OF
EDUCATION, and TASHA FERGUSON,


                      Defendants.
------------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANT'S MOTION
# <u>TO DISMISS THE COMPLAINT</u>



                                   RICOTTA & MARKS, P.C.
                                    *Attorneys for the Plaintiff*
                                   31-10 37th Avenue, Suite 401
                                   Long Island City, New York 11101
                                   (347) 464-8694

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………….1

STATEMENT OF FACTS……………………………………………………………………...1

ARGUMENT…………………………………………………………………………………....1

    I.     STANDARD OF REVIEW………………..……………………………………….1

    II.    PLAINTIFF'S FIRST AMENDMENT CLAIMS …....……………………………..2

    III.   GENDER DISCRIMINATION……………...……..........................................4

    IV.   RETALIATION…………………………....……………….……………..………5

    V.    MUNICIPAL LIABILITY……………………………………….………...…..……9

    VI.   PLAINTIFF'S CLAIMS ARE TIMELY……………………………………………11

CONCLUSION………………………………………………………………………………...14

# TABLE OF AUTHORITIES

**Page(s)**

**CASE LAW**

**Cases**

*Lee v. Verizon*, No. 15-CV-523 (DLI)(PK), 2016 WL 737916 (E.D.N.Y. 2016) ..............................2

*Annis v. Cty. of Westchester, N.Y.,* 36 F.3d 251 (2d Cir. 1994)..................................................5

*Ashcroft v. Iqbal, 556 U.S. 662 (2009)*................................................................................2

*Bennett v. Health Management Sys., Inc.*, 936 N.Y.S.2d 112 (2d Dept. 2011)....................................8

Birmingham v. Ogden, 70 F. Supp. 2d 353 (S.D.N.Y. 1999) ...........................................................11

*Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180 (7th Cir.1986)................................................5

*Borrero v. Collins Bldg. Services, Inc.*, 2002 WL 31415511 (S.D.N.Y Oct. 25, 2002) ........................7

*Cifra v. G.E. Co.,* 252 F.3d 205 (2d Cir. 2001) ........................................................................7

*Clark v. State of New York, 754 N.Y.S.2d 814 (4th Dept. 2003)*..............................................13

*Conklin v. Cty. of Suffolk*, 859 F. Supp. 2d 415 (E.D.N.Y. 2012) ....................................................6

*Connick v. Myers*, 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983)...................................3

*Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994)* ................................................................13

*Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033 (2d Cir. 1993). .......................................................7

*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267 (2d Cir. 2011)..........................................3

*Dawson v. New York City Transit Authority,* 2015 WL 5438790 (2d Cir. 2015.................................3

*Dawson v. New York City Transit Authority,* 2015 WL 5438790 (2d Cir. 2015) ..............................3

*Dimitracopoulos v. City of N.Y.*, 26 F. Supp. 3d 200 (E.D.N.Y. 2014)..........................................9

*Fitzgerald v. Henderson, 251 F.3d 345 (2d Cir. 2001)*..........................................................13

*Gierlinger v. New York State Police*, 15 F.3d 32 (2d Cir. 1994)......................................................5

*Gordon v. New York City Bd. of Educ.*, 232 F.3d 111 (2d Cir. 2000)................................................7

*Khan v. Hip Centralized Lab. Servs., Inc.*, 2008 WL 4283348 (S.D.N.Y. Sept. 17, 2008 ..............7, 8

*Lee v. Verizon*, No. 15-CV-523 (DLI)(PK), 2016 WL 737916 (E.D.N.Y. 2016) ..............................2

*Lewis v. Triborough Bridge & Tunnel Auth.*, 2001 WL 46986 (S.D.N.Y. Jan. 18, 2001) .......... 3, 6

*Lozada v. Cty. Of Nassau,* Lozada v. Cty. of Nassau, 2021 U.S. Dist. LEXIS 63631, 2021 WL 1209740 (E.D.N.Y. Mar. 31, 2021) ............................................................................................. 9

*McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385 (S.D.N.Y. 2005) ...................... 11

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) ............................. 7

<u>*Monell v. Department of Soc. Servs. of City of New York*</u>, 436 U.S. 658, (1978) ......................... 10

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 S.Ct. 2061 (2002) ............................. 13

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998) .......................................................... 7

*Quinn v. Nassau Cty. Police Dep't,* 53 F. Supp. 2d 347 (E.D.N.Y. 1999) ......................................... 5

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) ...................................................... 8

*Rodriguez v. County of Nassau*, 547 F. App'x 79 (2d Cir. 2013) ....................................................... 9

<u>*Roth v. Jennings*</u>, 489 F. 3d 499 (2d Cir. 2007) ................................................................................. 2

*Rothstein v. UBS AG,* 708 F.3d 82 (2d Cir. 2013) ............................................................................... 2

*Ruotolo v. City of N.Y.*, 514 F.3d 184 (2d Cir. 2008) ......................................................................... 3

*Russo v. New York Presbyterian Hosp.*, 972 F.Supp.2d 429 (E.D.N.Y. 2013) .................................. 7

*Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134 (2d Cir. 1993) .......................................................... 5

*Scott v. Coughlin*, 344 F.3d 282 (2d Cir. 2003) ................................................................................... 3

*Snyder v. Phelps*, 131 S.Ct. 1207, 1216 (2011) .................................................................................... 4

*Sotomayor v. City of N.Y.,* 862 F. Supp. 2d 226 (E.D.N.Y. 2012) ...................................................... 13

*Spencer v. City of N.Y.*, 2012 U.S. Dist. LEXIS 96970 (S.D.N.Y. July 12, 2012) ........................... 4

*Strakos v. Nassau County*, 2016 WL 6902143 (E.D.N.Y. Nov. 23, 2016) ...................................... 11

*Torres v. N.Y. Methodist Hosp.*, (E.D.N.Y. Jan. 7, 2016) ................................................................... 6

*Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 133 S.Ct. 2517 (2013) ......................................................... 7

*Vega v. Hempstead Union Free Sch. Dist., 2015 WL 5127519 (2d Cir. 2015)* .................................. 3

*Walker v. City of New York*, 2014 WL 6883049 (E.D.N.Y. Dec. 5, 2014) .................................... 10

*Weeks v. N.Y. State,* 273 F.3d 76 (2d Cir. 2001) ............................................................................... 14

*Williams v. N.Y.C. Hous. Auth*, 61 A.D.3d 62 (1st Dept. 2009). ...................................................... 13

**Statutes**

42 U.S.C. § 1983 .................................................................................................................... 2, 5, 10

N.Y. Educ. Law § 3813(2-b) ........................................................................................................12

N.Y. Exec. Law §296; N.Y. C.P.L.R §214(2) ..............................................................................12

N.Y.C. Admin Code §8-502(d). ...................................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff, Joseph Fierro ("Fierro"), an employee of the City of New York, Department of Education ("DOE"), filed a complaint against the DOE on alleging that he was subjected to unlawful sexual harassment and retaliation during the course of his employment, in violation of 42 U.S.C. § 1983. Defendant moved, pre-answer, to dismiss Plaintiff's amended complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff submits this memorandum of law in opposition to Defendants' motion to dismiss.

## STATEMENT OF FACTS

As the relevant facts discussed throughout the body of this Memorandum are contained in the Amended Complaint (the "Complaint"), the Court is respectfully referred to the Complaint, which is attached to the Marks Declaration as Exhibit A, for a full recitation of the facts.

## ARGUMENT

### I.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, courts must accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Rothstein v. UBS AG,* 708 F.3d 82, 90 (2d Cir. 2013). In deciding the motion, "courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken." *Lee v. Verizon*, No. 15-CV-523 (DLI)(PK), 2016 WL 737916, at *2 (E.D.N.Y. 2016); *see, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

In the context of an employment discrimination case, at the pleadings stage, a plaintiff is not required to plead a *prima facie* case of discrimination, as contemplated by the *McDonnell Douglas* framework. *Vega v. Hempstead Union Free Sch. Dist.*, 2015 WL 5127519, at *10 (2d Cir. 2015). Indeed, plaintiff's initial burden is described as "not onerous" and "minimal and *de minimis*." *Dawson v. New York City Transit Authority,* 2015 WL 5438790, at *2 (2d Cir. 2015).

## II.  PLAINTIFF'S FIRST AMENDEMENT CLAIMS

In order to set forth a First Amendment retaliation claim, a plaintiff must plead, "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and, (3) there was a causal connection between this adverse action and the protected speech.  *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011) (citing *Scott v. Coughlin*, 344 F.3d 282, 287 2d Cir. 2003).

"Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record. *Lewis v. Cowen*, 165 F.3d 154, 163-64 (2d Cir. 1999) (Quoting *Connick*, 461 U.S. at 147-148 and n.7)  "In reaching this decision, the court should focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose.  *Id.*  "Connick precludes First Amendment protection for public employees when they speak "upon matters **only** of personal interest." Id.  *Lewis v. Cowen*, 165 F.3d 154, 164 (2d Cir. 1999) (Citing *Connick v. Myers*, 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983) (emphasis added).  "The heart of the matter is whether the employee's speech was "calculated to redress personal grievances or whether it had a broader public purpose." *Lewis*, 165 F.3d at 163-64.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 189 (2d Cir. 2008).  "Speech deals with matters of public concern when it can be fairly considered as relating to

2

any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Snyder v. Phelps*, 131 S.Ct. 1207, 1216, 179 L. Ed. 2d 172 (2011).

Here, while Defendants focus solely on Plaintiff's previous lawsuits, Plaintiff also complained to Loussaint about the physical and verbal abuse of students, many of whom are disabled. (Comp. ¶¶ 12-13). Plaintiff's complaints were about student safety and the abuse students were subjected to at P753K. *See Spencer v. City of N.Y.*, No. 06 CV 2852 (KMW), 2012 U.S. Dist. LEXIS 96970, at *20 (S.D.N.Y. July 12, 2012) (holding that speech addressing "persistent safety issues and discipline problems in a public school," as well as allegations of sexual harassment in school were matters of public concern). As such, Plaintiff has properly pled that he was engaged in protected speech on a matter of public concern, as opposed to merely a personal grievance.

With respect to causation, Plaintiff has properly pled that these protected activities were a "but for" reason that the DOE refused to promote Plaintiff. During interviews for principal and assistant principal positions that Plaintiff applied for, no less than three (3) interviewers informed him that he would not be receiving a position due to his previous complaints. (Comp. ¶¶ 51-53). Plaintiff was told, in sum and substance, that: (1) after speaking with Superintendent Ketler Louissaint ("Louissaint") they are not sure how Plaintiff even received an interview; (2) he should not expect to receive any interviews for positions within the District; (3) "with [Plaintiff's] history at District 75, did [he] expect that [he] would receive this position anyway?"; and, (4) given what occurred between Plaintiff and Louissaint, Plaintiff must have been granted the interview in error. Accordingly, Plaintiff has properly pled a First Amendment retaliation claim.

### III.     GENDER DISCRIMINATION

Sexual harassment in the workplace has been found to be a cognizable § 1983 claim as a violation of the Equal Protection Clause of the Fourteenth Amendment, as it is a constitutional right to be free from sexual harassment. *Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2d Cir. 1994) (citing *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir.1986) ("Sexual harassment of female employees by a state employer constitutes sex discrimination for purposes of the equal protection clause of the fourteenth amendment."); *Annis v. Cty. of Westchester, N.Y.,* 36 F.3d 251, 254 (2d Cir. 1994) (finding that harassment that transcends coarse, hostile and boorish behavior can rise to the level of a constitutional tort . . . [if] sexual harassment includes conduct evidently calculated to drive someone out of the workplace, the harassment is tantamount to sex discrimination.); *Quinn v. Nassau Cty. Police Dep't,* 53 F. Supp. 2d 347, 358 (E.D.N.Y. 1999) (holding that "a plaintiff can make an ultimate showing of sex discrimination either by showing that sexual harassment that is attributable to the employer under § 1983 amounted to intentional sex discrimination or by showing that the conscious failure of the employer to protect the plaintiff from the abusive conditions created by fellow employees amounted to intentional discrimination."); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 143-44 (2d Cir. 1993) ("Perhaps some public employers sexually harass both men and women, but until an employer has the audacity to advance such a defense, sexual harassment of women constitutes disparate treatment because of gender, and is actionable under Section 1983.").

While Defendants attempt to focus on some of the Complaints' allegedly gender-neutral details, the Complaint sets forth sufficient allegations properly pleading that Plaintiff was subjected to gender discrimination in the form of sexual harassment.  Ferguson "wrapped her arms and breasts round Fierro's head…." (Comp. ¶ 38).  Ferguson gyrated her hips at Plaintiff in a sexual manner.

(Comp. ¶ 40). Ferguson also "twerked" (a sexual dance involving shaking one's buttocks at another person) in front of Fierro repeatedly. (Comp. ¶ 41). All of these allegations evidence that the Complaint properly pled allegations of sexual harassment committed by Ferguson, not "only a personal conflict," as Defendant claims. Accordingly, Plaintiff has sufficiently pled gender discrimination in the form of sexual harassment to defeat a motion to dismiss, given the *de minimis burden* at this stage. Moreover, as detailed below, the Complaint sufficiently sets forth municipal liability.

Similarly, the Complaint properly sets forth aider and abettor claims against Ferguson. "Nevertheless, the law in this Circuit seems clear that a defendant may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability." *Conklin v. Cty. of Suffolk*, 859 F. Supp. 2d 415, 436 (E.D.N.Y. 2012). "Since *Tomka* is the law in this Circuit, the Court agrees with the decisions holding that an individual can be held liable as an aider and abettor even though it was primarily his actions that make the employer liable—in effect, that he can aid and abet his own actions." *Torres v. N.Y. Methodist Hosp.*, 2016 U.S. Dist. LEXIS 2365, at *43 (E.D.N.Y. Jan. 7, 2016). "[T]he majority of courts in this Circuit have followed *Tomka*'s guidance and held that an individual can be subject to liability under § 296(6) for aiding and abetting his own discriminatory conduct." *Lewis v. Triborough Bridge & Tunnel Auth.*, 2001 WL 46986, at *2 (S.D.N.Y. Jan. 18, 2001).

IV.   **RETALIATION**

[T]o establish a *prima facie* case of retaliation under federal law, as well as the NYSHRL, a Plaintiff must show that: "(1) he was engaged in an activity protected under [under the law]; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse

action against plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000) (quoting *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993). When a defendant proffers an alleged legitimate business reason for the adverse actions taken, it is incumbent upon plaintiff to then demonstrate that this reason is pretextual in nature, and that, but-for the unlawful retaliation, Plaintiff would not have been subjected to the adverse actions. *See Richardson*, 180 F.3d at 443; *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 133 S.Ct. 2517, 2533 (2013).

Claims under the NYCHRL are to be evaluated separately from federal and state law claims. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-10 (2d Cir. 2013)at 112. "[T]o prevail on a retaliation claim under NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." Id. The NYCHRL does not require "but-for" causation. *Russo v. New York Presbyterian Hosp.*, 972 F.Supp.2d 429, 456 (E.D.N.Y. 2013).

Here, Defendants dispute that a causal connection exists between the adverse actions and Plaintiff's complaints. A plaintiff may establish the causal connection in one of several ways. *Borrero v. Collins Bldg. Services, Inc.*, No. 01 Civ. 6885 (AGS), 2002 WL 31415511, at *15 (S.D.N.Y Oct. 25, 2002). First, plaintiff may present "evidence of retaliatory animus directed against the plaintiff [to] establish the causal connection directly." *Id.* It is well established that the "causal connection needed for a proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *See Cifra v. G.E. Co.,* 252 F.3d 205, 217 (2d Cir. 2001) (internal quotations omitted); *see also Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (two months between protected activity and adverse employment action establishes causal connection); *Khan v. Hip Centralized Lab. Servs., Inc.*, No. 03 Civ. 2411 (DGT), 2008 WL 4283348, *4 (S.D.N.Y. Sept. 17,

2008 (temporal proximity of six weeks "is sufficiently close to allow the jury to find that the [adverse employment action] was retaliatory").

Moreover, the falsity of an employer's proffered reason is sufficient evidence for a reasonable juror to infer that the employer's proffered reason is pretext for intentional retaliation. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) ("it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation"). Regarding a NYCHRL retaliation claim, the falsity of an employer's proffered reason compels the denial of summary judgment. *See Bennett v. Health Management Sys., Inc.*, 936 N.Y.S.2d 112, 123 (2d Dept. 2011). While this case does not have precedential impact on the other claims, the argument set forth in *Bennett* is persuasive, logical, and relevant to the case at hand, in that if a juror a believes that one of the reasons for Plaintiff's discipline were fabricated, a jury could use that as a basis to find pretext.

Here Defendants attempt to argue that Plaintiff's retaliation claims concern the wrong protected activity. As detailed in the Complaint, Plaintiff's retaliation claim stems not from his complaints of sexual harassment with respect to Ferguson, but rather his prior lawsuits and complaints. As stated in the Complaint, Plaintiff pled that he reported repeated physical and verbal abuse of students (many of whom were disabled), the improper release of underage students and school safety issues. (Comp. ¶¶ 12-14). The Complaint also pleads that he brought a complaint first with the New York State Division of Human Rights and the U.S. Equal Employment Opportunity Commission, and then an action in the Southern District of New York based upon age and disability discrimination. (Comp. ¶¶ 29, 32). As such, Plaintiff properly pled that he engaged in protected activity. In retaliation for his protected activity, Defendant refused to promote Plaintiff to several hundred assistant principal and principal positions to which he applied. (Comp. ¶¶ 49-56). In several interviews for these positions, Defendant told Plaintiff that he would not be receiving these positions and that he should not have

even been interviewed for these positions based upon his prior protected activity. (Comp. ¶¶ 51-53). As such, Plaintiff has properly pled that he was subjected to adverse job activities due to his engaging in a protected activity.

Defendant's arguments that Plaintiff's retaliation claim for its failure to promote Plaintiff is outside the statute of limitations is without merit, as shown by the case law Defendant cites in support of its argument. Plaintiff is not bringing this action based upon Defendant's failure to promote him in the 2011-12 school year, but rather its failure to promote Plaintiff in the 2019 school year. In *Lozada v. Cty. Of Nassau, Lozada v. Cty. of Nassau*, 16-CV-6302, 2021 U.S. Dist. LEXIS 63631, 2021 WL 1209740 (E.D.N.Y. Mar. 31, 2021), the court dismissed the plaintiff's retaliation claim as it was outside the statute of limitations. In holding that the continuing violation rule does not apply, the Court found that under Second Circuit law, a refusal to hire, much like a failure to promote, is a "'discrete act[ ]' that 'constitutes a separate actionable 'unlawful employment practice,' such that the applicable statute of limitations begins to run from the date of the adverse hiring decision.'" *Lozada* 2021 U.S. Dist. LEXIS 63631, at *19 (E.D.N.Y. Mar. 31, 2021)(quoting *Rodriguez v. County of Nassau*, 547 F. App'x 79, 81 (2d Cir. 2013). As such, Defendant's failure to promote Plaintiff for the positions he applied for in 2019 constitute separate actionable claims.

Similarly, Defendant's reliance on *Dimitracopoulos v. City of N.Y.*, 26 F. Supp. 3d 200, 217 (E.D.N.Y. 2014) for its argument that a several years' long gap between Plaintiff's protected activity and Defendant's retaliatory conduct "eviscerates" his retaliation claim is unfounded. In *Dimitracopoulos*, the court granted defendant's motion to dismiss on plaintiff's retaliation claim because the plaintiff "has failed to assert any facts from which a causal connection between the filing of her 2009 lawsuit and the allegedly adverse actions complained of here can reasonably be inferred." *Id.*, at 217. In doing so, the court did not state that the three (3) year gap between the protected

8

activity and the adverse action on its own nullified any potential retaliation claim, but rather that this period was "too attenuated to raise a reasonable inference of a causal connection." Id. As detailed above, there are many ways to prove a causal connection between a protected activity and retaliatory conduct, of which temporal proximity is just one. Here Plaintiff is not relying upon temporal proximity to establish a causal connection, but rather is replying upon, as pled, the comments by Defendant stating that based upon his protected activity Defendant would not be promoting him and that he should not have even been interviewed for these positions. As such, Plaintiff has sufficiently pled a claim for retaliation.

## V.    MUNICIPAL LIABILITY

In order to state an actionable claim under § 1983 against a municipality, such as the DOE, a plaintiff must allege that the purported unconstitutional conduct was undertaken pursuant to "a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers ... [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking channels." Walker v. City of New York, 2014 WL 6883049, at *6 (E.D.N.Y. Dec. 5, 2014) (citing Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

In order to survive a motion to dismiss, a plaintiff must establish the existence of a municipal policy or custom by pleading:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

Walker, 2014 WL 6883049, at *6.

Here Plaintiff's Compliant establishes both a practice so persistent and widespread that it constitutes a custom or policy of the DOE and a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference.

First, with respect to Plaintiff's retaliation claims, the Complaint sets for sufficient facts to establish that Defendants had a practice of refusing to promote individuals who engaged in protected activities so widespread as to constitute a policy or custom. As detailed in the Complaint, in addition to not receiving a Principal of Assistant Principal position, despite his qualifications and hundreds of applications, he was specifically told that he was not receiving interviews (and therefore the positions) due to his prior protected activity. No less than three (3) different individuals from three (3) different schools, including a principal and an interviewer who had just spoken to Louissaint prior to informing Plaintiff that he was not sure how he was granted an interview and that he should not expect any more interviews in the future. Given the number of schools Plaintiff applied to positions for, all with the same result, coupled with the comments from various interviewers, Plaintiff has sufficiently pled that Defendant had a practice of refusing to promote individuals who engaged in protected activities so widespread as to constitute a policy or custom.

Defendant's reliance on *Strakos v. Nassau County*, 2016 U.S. Dist. LEXIS 162714, 2016 WL 6902143 (E.D.N.Y. Nov. 23, 2016), and similar cases, are distinguishable. In *Strakos*, the alleged single incident complained of involved only arresting officers in one (1) incident, as did *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 401(S.D.N.Y. 2005). *Birmingham v. Ogden*, 70 F. Supp. 2d 353  (S.D.N.Y. 1999) concerned a single allegedly false allegation against plaintiff and subsequent disciplinary charges.

Here by contrast, Defendant DOE has refused to promote Plaintiff despite his qualifications and hundreds of applications. Moreover, individuals at different schools have all informed Plaintiff that he is not receiving these positions due to his prior protected activity. As such, this is more than merely a "deeply personal vendetta," but rather a widespread policy on the part of Defendant.

Furthermore, as detailed in the Complaint, Defendant's refusal to interview and/or hire Plaintiff due to his protected activity was widespread, encompassing several schools and hundreds of applications. Three (3) individuals from separate schools all felt that it was appropriate to comment on the fact that Fierro would not be receiving these positions due to his protected activity, and to base this decision on his protected activity. As such, Plaintiff has evidenced that Defendant failed to properly train or supervise their subordinates showing deliberate indifference to the rights of those, such as Plaintiff, who engage in a protected activity.

Similarly, Schulman's actions in response to Fierro's complaints of sexual harassment evidence a failure on the part of the DOE to adequately train its subordinates in the prevention of sexual harassment by Ferguson. When Fierro first complained to Schulman, he refused to discipline Ferguson. The second time Fierro complained, not only did Schulman refuse to discipline Ferguson, but he attempted to dissuade Fierro from complaining and said that it could impact his ability to be promoted. Schulman's completely inappropriate response to Fierro's complaints of sexual harassment can only rationally be explained by Defendant's failure to properly train and/or supervise principals such as Schulman.

## VI. PLAINTIFF' CLAIMS ARE TIMELY

### A. Timely Claims

Claims brought under the NYSHRL and NYCHRL against the Defendant DOE are subject to a one-year statute of limitations period from the date of the unlawful employment practice. *See See* N.Y. Educ. Law § 3813(2-b). Plaintiff commenced this action on November 25, 2020. The Executive Order

11

due to the COVID-19 pandemic tolled the statute of limitations for 229 days, from March 20, 2020, to November 4, 2020.  *See* Executive Orders 202.8, 202.14, 202.28, 202.67 Accordingly, all events occurring on or after April 10, 2019, are timely under the NYSHRL and NYCHRL.

### B.     Continuing Violation and Background Evidence

Plaintiff was also subjected to discriminatory actions that took place outside of the statutory time period. These events are used as background evidence and as part of Plaintiff's hostile work environment claims. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002), the Court held that acts outside the statute of limitations can be used as evidence to support timely claims. *National Railroad*, 122 S.Ct. 2061, 2072 (2002).  More importantly, the Court held that, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory period." *Id*. at 2068.

The continuing violation doctrine is applicable to NYSHRL and NYCHRL claims. "A continuing violation may be found where there is proof of specific ongoing discriminatory practices, or where specific and related instances of discrimination are permitted for so long as to amount to a discriminatory policy or practice." *Clark v. State of New York*, 754 N.Y.S.2d 814, (4th Dept. 2003)(quoting *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994)). As such, when Plaintiff experiences a continuous practice and policy of discrimination, the limitations period is delayed until the last discriminatory act in furtherance of it. *Id.* Under the NYCHRL, the continuing violation doctrine is applied more liberally than the *Morgan* standard. "New York state courts have since held that the prior, more generous, continuing violations doctrine continues to apply" to claims brought pursuant to the NYCHRL. *Sotomayor v. City of N.Y.,* 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012), citing *Williams v. N.Y.C. Hous. Auth*, 61 A.D.3d 62 (1st Dept. 2009). As a result, under the NYCHRL, "[o]therwise time-barred discrete acts can be considered timely 'where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice.'" *Sotomayor,* 862 F.Supp at 250, quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). To invoke this standard, a

plaintiff could establish a continuing violation by showing either: "(1) specific ongoing discriminatory policies or practices, or (2) specific and related instances of discrimination [that] are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Weeks v. N.Y. State,* 273 F.3d 76, 82 (2d Cir. 2001).

The Complaint alleges a series of specific and related discriminatory events which occurred prior to April 10, 2019. (Comp ¶¶ 37-42). These events were part of an ongoing discriminatory policy and practice, as evidenced by the fact that they involve Ferguson, continuously harassing Plaintiff sexually. Though some events occurred prior to April 10, 2019, they evidence Defendants' ongoing policy of sexually harassing and subjecting Plaintiff to a hostile work environment based upon his gender. They are specific and related instances of discrimination which Defendants allowed to continue unremedied from 2018 through the Complaint, which amounts to a discriminatory policy or practice, and cannot be said to constitute discrete acts. Several events that occurred within the statutory time period are proof of Defendants' specific ongoing discriminatory policies or practices.  Thus, these events are actionable pursuant to the continuing violations theory. Conversely, to the extent any events are not actionable, they are admissible as background evidence to establish liability for acts which occurred within the limitations period.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion to dismiss in its entirety.


Dated:     Long Island City, New York
           June 7, 2021

                                    Respectfully submitted,

                                    **RICOTTA & MARKS, P.C.**
                                    *Attorneys for Plaintiff*
                                    31-10 37th Avenue, Suite 401
                                    Long Island City, New York 11101
                                    (347) 464-8694


                            By:     _____/s_____
                                    Matthew Marks