```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH FIERRO,

                Plaintiff,

    -v.-

THE CITY OF NEW YORK, DEPARTMENT OF EDUCATION,

                Defendant.

---

20 Civ. 09966 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

    Plaintiff Joseph Fierro is a teacher employed by Defendant the New York City Department of Education ("DOE"). *See* ECF No. 7 (Am. Compl.). Plaintiff brings this action under 42 U.S.C. § 1983 for retaliation in violation of the Fourteenth Amendment. Specifically, according to Plaintiff, he was denied promotion because he had previously sued the DOE for discrimination on the basis of age and disability. *See id.* Defendant seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the DOE's motion is GRANTED.

## I.    BACKGROUND[1]

### A.    Factual Background

    Plaintiff has been employed by DOE since 1993, ECF No. 68 (Defs. 56.1 ¶ 1), and began working as an Interim Assistant Principal in September 2000, *id.* ¶ 3. In December 2005,

---

[1] Except where otherwise noted, the Background section consists of undisputed facts drawn from the parties' Rule 56.1 statements pursuant to Local Civil Rule 56.1. *See* ECF Nos. 62 (Defs.' 56.1), 66 (Pl.'s Counter 56.1), 68 (Defs.' Counter 56.1). "While the parties nominally dispute [many] of each other's factual assertions, . . . the parties' disagreements go to the phrasing, weight, or impact of a fact instead of actually disputing the fact itself." *Julian v. MetLife, Inc.*, No. 17 Civ. 957 (AJN), 2021 WL 3887763, at *6 (S.D.N.Y. Aug. 31, 2021) (cleaned up). Accordingly, where the Court includes citations to a party's counter-Rule 56.1 statement, that party "do[es] not dispute the fact, . . . has not offered admissible evidence to refute that fact, or . . . simply seeks to add [his or its] own 'spin' on the fact or otherwise dispute the inferences

Plaintiff was removed from his Interim Assistant Principal position, *id.* ¶ 4, and did not resume working as an "appointed teacher specialist" until February 2006, *id.*; Pl.'s Counter 56.1 ¶ 4. Plaintiff testified that he was removed from the Interim Assistant Principal position because he observed "numerous incidents of physical and verbal abuse of the students at the school" and "regularly reported these acts of child abuse and endangerment to [his supervisor Ketler] Louissaint." FAC ¶¶ 12-13. After first instructing Plaintiff "not to take any further action" and that he would "take care of it," Mr. Louissant allegedly responded to Plaintiff's "complaint" by telling him that "he would ensure that Fierro never worked as a supervisor in the DOE." *Id.* ¶ 13.[2]

On August 24, 2011, Plaintiff filed a charge of age and disability discrimination with the New York State Division of Human Rights (the "SDHR") and the United States Equal Employment Opportunity Commission (the "EEOC"). Defs.' 56.1 ¶ 5. In 2012, Plaintiff brought an action in this District, *Fierro v. City of New York, et al.*, 12 Civ. 3182 (AKH). The action was resolved through a settlement, Pl.'s Counter 56.1 ¶ 8; and on October 4, 2013, it was dismissed with prejudice on the consent of all parties. Defs.' 56.1 ¶ 8.

Between 2018 and 2019, Plaintiff applied to approximately six hundred and forty-two (642) vacant Principal and Assistant Principal positions with the DOE. *Id.* ¶ 9. Plaintiff was offered an interview for approximately eighty-five (85) of those positions. *Id.* ¶ 10. For at least two of those interviews, Plaintiff failed to appear. *Id.* ¶ 11. After each of the eighty-five interviews, "[t]he applicant's responses were ranked on a points system that were tallied for a combined interview score." *Id.* ¶ 13. At each interview for which Plaintiff was present,

---

from the stated fact." *Thomason v. Target Corp.*, 20 Civ. 8982 (JPC), 2022 WL 1137165, at *1 n.1 (S.D.N.Y. Apr. 18, 2022).
[2] The FAC does not specify which "complaint" was referenced.

Plaintiff's interview scores "were lower than at least one other candidate's interview scores for each vacant position." *Id.* ¶ 14. Moreover, although Plaintiff testified that certain interviewers questioned whether "he really thought he would receive the position based upon his prior litigations," Opp. 8, "Plaintiff's prior complaints of age and disability discrimination were never referenced in any of the interviewers' notes," Defs.' 56.1 ¶ 16.

**B.    Procedural History**

Plaintiff commenced this action against Defendants DOE and Tasha Ferguson (collectively, "Defendants") on November 25, 2020. ECF No. 1. On December 18, 2020, Plaintiff amended his complaint. Am. Compl. In essence, the Amended Complaint alleges that the DOE "retaliated against" Plaintiff in violation of the First and Fourteenth Amendments and subjected him to sex-based discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. *See* Am. Compl. ¶¶ 57. Plaintiff also brought analogous claims under the New York State and New York City Human Rights Law. *See id.* at ¶¶ 64-79. On May 12, 2021, Plaintiff stipulated to withdraw his Title VII claims. ECF No. 23.

Defendants moved to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on May 27, 2021. ECF No. 24. The Court dismissed the First Amendment retaliation claim and the gender discrimination claim under Section 1983.[3] *See* ECF No. 32. But the Court denied Defendants' motion to dismiss Plaintiff's Section 1983 claim for retaliation under the Fourteenth Amendment's Equal Protection Clause. *Id.* Plaintiff then withdrew his New York City and New York State Human Rights Law claims, ECF No. 35, and, subsequently, all of his claims against Defendant Ferguson. ECF No. 43.

---

[3] This case was originally assigned to the Honorable Gregory H. Woods and reassigned to this Court in 2023.

The DOE moved for summary judgment. ECF No. 60 (Notice of Mot.); *see also* ECF No. 62 (Br.). Plaintiff opposed the motion, ECF No. 64 (Opp.), and the DOE replied in further support of its motion. ECF No. 67 (Reply).

## II. LEGAL STANDARDS

When "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is the appropriate remedy. Fed. R. Civ. P. 56(a). A dispute qualifies as "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The movant bears the burden "to show initially the absence of a genuine issue concerning any material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *Crawford*, 758 F.3d at 486 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.") (quoting *Celotex*, 477 U.S. at 323). All evidence must be viewed, however, "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Case Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of" that party," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

To defeat summary judgment, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). For these

4

purposes, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Nor may a party "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)); *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible" (citation omitted)). Neither a "scintilla of evidence," *Anderson*, 477 U.S. at 252, nor "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will suffice. In short, summary judgment "is appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

### III.   DISCUSSION

"Following Judge Gregory H. Woods's February 10, 2022, Decision and Order, the remaining claim is Plaintiff's Fourteenth Amendment Equal Protection retaliation claim based upon his prior complaints [i.e., lawsuits concerning] age and disability discrimination." Opp. at 5 (citing ECF No. 32). To sustain this claim, Plaintiff must establish municipal liability, also known as *Monell* liability. Because Plaintiff does not make this threshold showing, his claim fails. The Court need not and does not reach the substance of Plaintiff's Equal Protection claim.

In *Monell v. Dep't of Soc. Srvs. of N.Y.C.*, 436 U.S. 658, 694 (1978), the Supreme Court "held that municipalities are 'persons' subject to damages liability under . . . 42 U.S.C. § 1983, for violations of that Act visited by municipal officials." *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985), *abrogated on other grounds recognized by Collins v. City of San Diego*, 841 F.2d

5

337 (9th Cir. 1988)). The DOE is "a municipal entity," Am. Compl. ¶ 6—an arm of the City of New York. "When a plaintiff sues a municipality or other local government entity under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local government entity itself caused the violation of the plaintiff's rights." *Sykes v. New York City Hous. Auth.*, No. 22 Civ. 2127 (MKV), 2022 WL 875902, at *4 (S.D.N.Y. Mar. 24, 2022) (citing *Connick v. Thompson*, 563 U.S. 51, 60, (2011)). That is to say that "[a] plaintiff cannot establish municipal liability under [Section] 1983 based on a theory of *respondeat superior*." *Ahmad v. New York City Health & Hosps. Corp.*, No. 20 Civ. 675 (PAE), 2021 WL 1225875, at *33 (S.D.N.Y. Mar. 31, 2021); *see also Monell*, 436 U.S. at 691.

To satisfy this standard, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983); *see also Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (same). Here, Plaintiff's case falters at the first step: He fails to establish the existence of such a "policy or custom."

In the Second Circuit, a plaintiff may satisfy the "policy or custom" element in one of four ways. Three are regularly grouped together: Plaintiff may show "(1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'" *Hurdle v. Bd. of Educ. of City of N.Y.*, 113 F. App'x 423, 424-25 (2d Cir. 2004) (summary order) (quoting *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004)) (affirming summary judgment where school superintendent's actions did not support municipal liability against board of education because she did not act as a final policymaker); *see also*

*Gerardi v. Huntington Union Free Sch. Dist.*, 124 F. Supp. 3d 206, 225-26 (E.D.N.Y. 2015) (dismissing Section 1983 claim against school district where former district employee "ha[d] not established a municipal policy or custom under *Monell*" because "[e]ven assuming that District's failure to hire her was discriminatory, that alone is not sufficient to give rise to an inference of a 'widespread or persistent' practice of gender discrimination."). Other *Monell* cases offer the fourth approach: A plaintiff can establish a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact." *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (same).

Plaintiff pursues two of these four paths. He does not argue that the DOE had an "expressly adopted official policy" that violated his Fourteenth Amendment rights, *Hurdle*, 113 F. App'x at 424-25 (quoting *Lytle* 382 F.3d at 982 (9th Cir. 2004)), or contend that an official was acting as a "final policymaker." *Id.* Instead, Plaintiff argues under the second prong of the *Hurdle* test that "Defendant's actions establish both a practice so persistent and widespread that it constitutes a custom or policy of the DOE to retaliate against employees who complain of disability and age discrimination." Opp. at 12. In addition, under the fourth element described above, Plaintiff contends that these actions evince a "failure by policymakers to train or supervise their subordinates, amounting to deliberate indifference." *Id.* Plaintiff does not adduce any evidence in support of either position, however, and therefore fails to raise a genuine dispute as to any material fact.

### A.     Plaintiff Fails to Describe a Persistent and Widespread Practice

"In order to establish *Monell* liability based upon a 'persistent and widespread' practice by a subordinate municipal employee (or employees) other than a policymaker, the employee's unconstitutional conduct must be 'so manifest as to imply the constructive acquiescence of

senior policy-making officials.'" *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020) (quoting *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992)). A plaintiff must identify "sufficient instances of tolerant awareness by supervisors of abusive conduct to support an inference that they had a policy, custom or usage of acquiescence in such abuse." *Jones v. Town of East Haven*, 691 F.3d 72, 82 (2d Cir. 2012); *see also Batista*, 702 F.2d at 397 (acknowledging that inaction may lead to municipal liability for the "persistent failure to discipline subordinates who violate civil rights" as it can "give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell*"). "It is only at that point that, although not expressly authorized, the unconstitutional conduct is so persistent and widespread that it can constitute a custom or usage of which a supervising policymaker must have been aware." *Lucente*, 980 F.3d at 298.

As previously explained, Plaintiff bears the burden of establishing the elements of a *Monell* claim. In that regard, "it is sufficient for the party moving for summary judgment to 'point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case.'" *Watts v. N.Y.C. Police Dep't*, 100 F. Supp. 3d 314, 330 (S.D.N.Y. 2015) (quoting *Celotex*, 477 U.S. at 325); *In re Dana Corp.*, 574 F.3d 129, 147 (2d Cir. 2009) (moving party entitled to summary judgment where nonmoving party failed to make sufficient showing on essential element of her case on which she bore burden of proof). As is the case here, *see, e.g.*, Mot. at 10-11, the moving party "may use a memorandum or brief to 'point to' the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim." *Watts*, 100 F. Supp. 330.

Plaintiff does not furnish the necessary evidence. Indeed, the record is entirely devoid of evidence of a policy or custom of retaliation. *See id.* at 330 (dismissing *Monell* claim on summary judgment where plaintiff "submitted no evidence on this topic at all"). Plaintiff only

8

surmises, based on the sheer number of positions for which he has applied and interviewed, that the DOE maintains a widespread policy or custom of retaliation. He explains that he "applied for literally hundreds of Principal and Assistant Principal positions all over the DOE" but "was rejected before receiving an interview for approximately 87% of his applications across all of these hiring managers." *See* Opp. at 12. Plaintiff similarly argues that, "[g]iven the number of hiring managers involved due to the number of applications submitted by Fierro (and rejections), and the comments of several hiring managers regarding Fierro's past litigation . . . , Defendant's retaliatory actions against Fierro [we]re sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisors must have been aware." Opp. at 13. But these inferences are merely "conclusory." *See Jouthe v. City of New York*, No. 05 Civ. 1374 (NGG), 2009 WL 701110, at *8 (E.D.N.Y. Mar. 10, 2009) ("[c]onclusory allegations of municipal liability will not defeat a motion for summary judgment on a *Monell* claim.") (quotations omitted).

In short, Plaintiff's logic suffers from a critical flaw: Pervasive rejection of an *individual* cannot be used to prove that a policy or custom exists at the institutional level. *See Prince v. Cnty. of Nassau*, 563 F. App'x 13, 17 (2d Cir. 2014) (summary order) (rejecting municipal liability where plaintiff's experience was "personal to himself"). Plaintiff attempts to rely on his own testimony that certain DOE interviewers asked "if he really thought he would receive the position based upon his prior litigations." Opp. at 8. But "Plaintiff cannot create an issue of fact simply by citing [his] own deposition . . . testimony without more." *Williams v. New York City Dep't of Educ.*, No. 19 Civ. 01353 (MKV), 2021 WL 1178118, at *7 (S.D.N.Y. Mar. 29, 2021); *see also Clarke-Green v. New York City Dep't of Educ.*, No. 17 Civ. 778 (EK) (VMS), 2022 WL 4643385, at *19 (E.D.N.Y. Aug. 2, 2022), *report and recommendation adopted*, No. 17 Civ. 778(EK) (VMS), 2022 WL 4662010 (E.D.N.Y. Sept. 30, 2022) (quoting *Pfunk v. Cohere*

9

*Commc'ns*, LLC, 73 F. Supp. 3d 175, 187 (S.D.N.Y. 2014) (deeming it insufficient simply to cite "self-serving testimony").

"[F]or a plaintiff's claim of custom or policy to survive summary judgment review, there necessarily must be evidence of the complained-of activity by defendants in similar circumstances outside of the present case." *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 545 (S.D.N.Y.2005); *see also Carmody v. Vill. of Rockville Ctr.*, 661 F. Supp. 2d 299, 331 (E.D.N.Y. 2009) (collecting cases); *cf. Domenech v. City of New York*, 919 F. Supp. 702, 711 (S.D.N.Y.) (granting summary judgment where plaintiff's allegations that a "a culture of retaliation against those reporting criminal corruption within the NYPD" existed "fail[ed] to establish a pervasive custom or practice of municipal employees"); *Gem Fin. Serv., Inc. v. City of New York*, No. 13 Civ. 1686 (RPK) (RER), 2023 WL 4850523, at *10 (E.D.N.Y. July 28, 2023) (finding municipal liability with a "persistent NYPD practice of unlawfully seizing items from pawnshops based on the evidence of multiple unconstitutional seizures by NYPD officers at [a list of] stores"). Courts in this Circuit have repeatedly reaffirmed that "one man's experience does not make a policy." *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385 (S.D.N.Y. 2005), *aff'd in part, vacated in part, remanded sub nom. McLaurin v. Falcone*, No. 05-4849-CV, 2007 WL 247728 (2d Cir. Jan. 25, 2007); *see also Prince v. Cnty. of Nassau*, 837 F. Supp. 2d 71, 104 (E.D.N.Y. 2011), *aff'd*, 563 F. App'x 13 (2d Cir. 2014) (same). In fact, even to the extent that Plaintiff's testimony might be viewed as evidence of a "deeply personal vendetta" against him, as Plaintiff has argued, the very specificity of that animus would weigh against finding a generalized policy or custom. *See Birmingham v. Ogden*, 70 F. Supp. 2d 353, 373 (S.D.N.Y. 1999) (dismissing municipal liability claims when "the only fair inference is that what happened to plaintiff . . . was unique to him—a deeply personal vendetta carried out by

10

persons who were out to get him."). In sum, Plaintiff's particularized grievances cannot be attributed to the municipality.

### B.     Plaintiffs Does Not Show a Failure to Train or Supervise

As an alternative, Plaintiff seeks to establish that the DOE is liable based on a "failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference." Opp. at 12. In that regard, Plaintiff states in passing that there was "a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference." *Id*. Plaintiff has not adduced any evidence to support this conclusory allegation, and "the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) *overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993); *see also Lu v. Hermans*, No. 24 Civ. 01023 (NSR), 2024 WL 4712353, at *5 (S.D.N.Y. Nov. 7, 2024) (same).

A finding of "deliberate indifference" requires more. "To establish deliberate indifference a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Jones*, 691 F.3d at 81. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). The Second Circuit has held that a "demonstration of deliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81. Courts in this Circuit have rejected failure to train or supervise claims on stronger facts than those present here. *See Simms v. City of New York*, 480 F. App'x 627, 630 (2d Cir. 2012) (Plaintiff "include[d] in his Complaint

three factual allegations in support of his contention that his alleged malicious prosecution resulted from the City's 'fail[ure] to properly train, supervise or discipline its police officers.'"). Plaintiff has not made the necessary showing. As the DOE points out, "there is no evidence in the record related to (1) DOE's trainings; (2) notice that any DOE training was deficient; or (3) DOE decision makers deliberately choosing a training program that would cause violations of constitutional rights." Reply at 8-9. As with Plaintiff's allegation regarding a "persistent and widespread" practice, Plaintiff can point to no genuine dispute as to a material fact.

## IV.  CONCLUSION

For the foregoing reasons, the DOE's motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate all pending motions, cancel all deadlines, and close this case.

SO ORDERED.

Dated: March 31, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge